**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| YANG, | Case no. 1:24-CV-06137 |
| Plaintiff, | |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" Defendants. | |

## MOTION AND MEMORANDUM OF LAW TO INTERVENE

Pursuant to Federal Rules of Civil Procedure 24, Yaphety-US, Splendoury-US, Shuaiying-US, Shinbule, Raiyong, Duodao, Wowno, Dreamlii, Defhang, Ekain, Hanyuco, Towerbiei, Yueko, Dianey, Dazzstar, Roomhaipay, Lanyico, Boomerlly, Zivicook, Juzidejia, Taohaigo, Censtation, Greelawn, Chealsleep, WELL Home, Tenkwa, Kakuka, Loopwave, Starryhana, Jiaoco, Dianku, Liangtingde LLC, AouBeauty, Roselley, Taidaxl, Hugeleap, Emircey US, Wentaiban Co, Emircey Home, MM Sleep, PN HOME, and Family kiosk, (collectively "Yaphety" or "Defendants"), by and through its undersigned counsel, hereby moves this Court to allow Yaphety to intervene in this matter to protect its interests. Given Yaphety's recognition of its potential involvement in the matter (as discussed below), Yaphety files this Motion to Intervene because a delay in hearing the motion would cause it serious harm.

Intervention is governed by Rule 24, which provides that "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that

1

is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24 further states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2).

While the identities of the defendants in the above-captioned action are currently sealed, Yaphety has learned that Plaintiff filed a "Schedule A" case based on a patent covering a therapeutic, butterfly-shaped pillow that Yaphety sells on several ecommerce websites, including Amazon, Temu, and Tik Tok. Concerned that Plaintiff was targeting its own pillow product, whose design is distinct from that asserted in the Patent-In-Suit, Yaphety retained US counsel, who in turn emailed Plaintiff's counsel about whether Defendants were included in the sealed Schedule A on August 7, 2024. Declaration of Pete Wolfgram, ¶ 3. Plaintiff's counsel did not respond. Id. Defendants must thus assume they are named in this action and intervene to protect their interests. And since a TRO was recently entered in this case, Defendants believe Amazon is currently in the process of imposing an asset restraint, including delisting Defendants' product links and freezing their funds. Accordingly, Defendants have a good faith reason to believe they are named as defendants in the sealed Schedule A to Plaintiff's complaint.

Even if Yaphety is not specifically named, it believes that Plaintiff may be targeting retailers selling Yaphety's pillow product through Amazon. Shutting down the retailers of Yaphety's products will directly harm Yaphety via lost revenue. Therefore, Yaphety seeks leave to intervene and provide the following substantive arguments in opposition to the temporary restraining order currently in place, which arguments Yaphety sets forth below for consideration if the Court grants this motion to intervene.

**<u>OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

Plaintiff is unlikely to ultimately prevail on the merits because the patent at issue is likely invalid based on the prior art that Yaphety was already able to identify in the days since it learned about this action; and Plaintiff's complaint (Dkt. 1) fails to state a plausible claim for patent infringement. Therefore, Yaphety respectfully requests the Court vacate the TRO.

## I.      BACKGROUND.

On July 22, 2024, Plaintiff commenced this action asserting a claim for patent infringement against multiple defendants whose names are currently under seal. Dkt. 4. According to Plaintiff, the defendants conceal their identifies and often use fictitious names and addresses to register and operate their network of Defendant Internet Stores.  Id. ¶ 18.  Further, Plaintiff alleges that the defendants without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Asserted patent, and continue to do so via the Defendant Internet Stores.  Consistent with that of a Schedule A complaint, Plaintiff alleges that Plaintiff is very familiar with  the practices of such online counterfeiters and infringers. Such tactics include shutting down or abandoning their internet stores only to open another internet store offering the same infringing products under a different name, making enforcement of Plaintiff's intellectual property rights difficult in the extreme.

On this basis, Plaintiff filed its TRO Motion under seal and without notice to Yaphety (and any other defendants) in order to presumably prevent Yaphety and its Amazon retailers from selling the pillows and to  freeze the Amazon accounts of Yaphety's retailers.  Dkt. No. 10. The Court entered the TRO on August 5, 2024.  Dkt. No. 15.

## II.     LEGAL AUTHORITY.

### A.  Plaintiff's Patent Is Invalid and Should Not Have Been Granted.

The claim of U.S. Design Patent No. D1,031,318 ("the 'D103 Patent")--*presumably* being asserted by Plaintiff in this case (as the number of the asserted patent is notably absent from the face of the Complaint--is likely to be found invalid over the prior art. 35 U.S.C. §§ 102 and 103. Although a U.S. patent normally enjoys a presumption of validity, the non-moving party in a TRO Motion may dispute this presumption by establishing the existence of a "substantial question" related to the invalidity of the patent. *See New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 882 (Fed. Cir. 1992). At the preliminary injunction (TRO) stage, the burden imposed on the non-moving party is merely to show "vulnerability" of the patent—not to establish the patent's "invalidity." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1359 (Fed. Cir. 2001) (noting that the non-moving party's burden requires less proof than the clear and convincing standard required at trial). Thus, an assertion of an invalidity defense that the moving party cannot show "lacks substantial merit" must result in the denial of any preliminary injunctive relief. *Titan Tire Corp.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009).

To anticipate a design patent, the claimed design and the prior art design must be substantially the same. *Door-Master Corp. v. Yorktowne, Inc*., 256 F.3d 1308, 1313, 59 USPQ2d 1472, 1475 (Fed. Cir. 2001) (citing Gorham Mfg. Co. v. White, 81 U.S. 511, 528 (1871)). Moreover, the U.S. Court of Appeals for the Federal Circuit recently ruled the test for determining obviousness of a design and utility patents is the same, overruling a decades-old test for determining the validity of a design patent. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, __ F.4th__, No. 2021-2348, 2024 WL 2280728 (Fed. Cir. May 21, 2024). The court held that the *Rosen-Durling* test, which was established in the 1990s, was "improperly rigid" and instead

4

utilized the framework established by *Graham v. John Deere*, which is the obviousness standard imposed for utility patents, namely 1) the scope and content of the prior art, 2) the level of skill of an ordinary designer or manufacturer, 3) differences between the invention and the prior art, and 4) objective indicia of non-obviousness. A design patent is obvious if a person of ordinary skill in the relevant art would have been motivated to combine the teachings of one or more prior art references to achieve the claimed invention and would have had a reasonable expectation of success in doing so. *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1363 (Fed. Cir. 2018). A "motivation and reasonable expectation may be present where the claimed invention is the 'combination of familiar elements according to known methods' that 'does no more than yield predictable results.'" *PGS Geophysical*, 891 F.3d at 1363 (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 415-16

(2007)).

Here, the 'D103 Patent, having an effective filing date of August 18, 2022, is directed to a "pillow." The 'D103 Patent is attached as Exhibit A. The 'D103 Patent is anticipated and/or rendered obvious by at least the following patents and patent applications.

(1)     Chinese Patent No. CN 303283156 ("*Yang*"), filed on or about February 13, 2015. Yang discloses a butterfly-shaped therapeutic pillow design. A copy of the Yang patent is attached as Exhibit B; and, a side-by-side comparison of the 'D103 and *Yang* is displayed below:



| '**D103 Patent**' | **Yang** |
|---|---|
| Fig. 1. | 立体图 |
| Fig. 3. | |
| Fig. 4. | |

(2) The Misiki Memory Foam Pillow ("Misiki"), sold on Amazon.com at least as early as October 28, 2019, available at https://www.amazon.com/Misiki-Cervical-Shoulder-Orthopedic-Ergonomic/dp/B07X3KWY9V/ref=cm_cr_arp_d_product_top?ie=UTF8. A comparison of the 'D103 Design and Misiki pillow is below:



| 'D103 Patent | Misiki |
|---|---|
| Fig. 1. | Wolfgram Declaration, Exhibit A. |
| Fig. 3. | Id. |



Fig. 8

Id.

Misiki's customers posted reviews, ***including pictures of the pillow***, in 2019-2020, well before the filing date of the asserted patent.



*See* https://www.amazon.com/Misiki-Cervical-Shoulder-Orthopedic-Ergonomic/dp/B07X3KWY9V/ref=cm_cr_arp_d_product_top?ie=UTF8



*See* https://www.amazon.com/gp/customer-reviews/R1L8IJMMCECDZ5/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B07X3KWY9V

Further, a Youtube video of the *Misiki* pillow was also posted in 2020:





*See* https://www.youtube.com/watch?v=Z87XpWnqVYc

Therefore, both *Yang* and *Misiki* undoubtedly raise a "substantial question" related to the invalidity of the patent—they are substantially the same, or nearly identical, as Plaintiff's design. There can thus be no question that Yaphety has a strong meritorious defense in challenging the validity of the patent. Plaintiff cannot establish a likelihood of success on the merits, and Plaintiff's TRO should be vacated.

**B. Plaintiff's Complaint Fails to State a Claim for Patent Infringement.**

The allegations of Plaintiff's Complaint fail to include any substance as to how any of the defendants have allegedly infringed any of the claims of the 'D103 Patent. The only allegations that are potentially directed at this basic requirement may be buried in the sealed Exhibits. However, the summary explanations of sealed exhibits in the Complaint fail to suggest that any allegations regarding infringement are set forth therein.

9

To state a plausible claim for relief, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell v. Twombly*, 550 U.S. 544, 555 (2007)).

To allege patent infringement, "although a plaintiff 'need not prove its case at the pleading stage' and 'is not required to plead infringement on an element-by-element basis,' it 'cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.'" *Golden v. Qualcomm Inc.*, 2023 U.S. App. LEXIS 26806, at *2-3 (Fed. Cir. 2023) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021)).

Here, Plaintiff does not appear to have provided claim charts demonstrating how any of the defendants' products have infringed, or even listed the elements of the claims which the defendants' products allegedly infringe. Instead, Plaintiff simply asserts in conclusory fashion that the defendants' products have infringed the Asserted Patents without more. As such, Plaintiff has failed to state a claim for patent infringement and its whole suit should be dismissed under Fed. R Civ. P. 12(b)(6) and thus cannot support the issuance of any motion for injunctive relief, whatsoever.

## III.    CONCLUSION

This Court should grant Yaphety's motion to intervene in this case and vacate the TRO because the 'D103 Patent is likely to be found invalid.

Dated this 8th day of August, 2024.

Respectfully Submitted,

STRATUM LAW LLC

By:  /s/ Pete Wolfgram
Pete Wolfgram
Stratum Law LLC
2424 E. York St., Ste. 223
Philadelphia, PA  19125
pwolfgram@stratumlaw.com
*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that on August 9, 2024 that a true and correct copy of the foregoing document was filed electronically with the Court via ECF.

Respectfully Submitted,

/s/Pete Wolfgram

_____

Pete Wolfgram